UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Daniel A. Speights, Individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BlueCross BlueShield of South Carolina,<br><br>　　　　　Defendant.<br>_____ | C.A. No. 9:17-cv-00594-DCN<br><br>**NOTICE OF REMOVAL** |

　　　　Defendant BlueCross BlueShield of South Carolina, by its attorneys and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of Case No. 2017-CP-25-00057, which is pending in the Court of Common Pleas, County of Hampton, South Carolina. In support of Defendant's Notice of Removal, Defendant state as follows:

　　　　1.　　On or about February 3, 2017, Plaintiff filed his Complaint in the Court of Common Pleas, County of Hampton, State of South Carolina titled <u>Daniel A. Speights, Individually and on behalf of others similarly situations v. BlueCross BlueShield of South Carolina</u>, Case No. 2017-CP-25-00057. In his Complaint, Plaintiff seeks to recover from Defendant a judgment for alleged damages arising out of Defendant's alleged breach of contract and bad faith refusal to pay health insurance benefits. Defendant was served through the Department of Insurance with the Summons and a copy of Plaintiff's Complaint on February 9, 2017. Copies of the Summons and Plaintiff's Complaint are attached hereto as **Exhibit A**.

　　　　2.　　From 2012 to present, Plaintiff has been insured under the Defendant's fully insured Group Account, Speights & Runyan Attorneys at Law, Group Number 05-43967-00 ("Plan"). A copy of the Plan in effect when Plaintiff's claims were incurred in 2014 is attached

hereto as **Exhibit B.**

3. The Plan is an employee welfare benefit plan established and/or maintained by Plaintiff's employer and, therefore, the Plan is subject to and governed by the Employee Retirement Income Security Act ("ERISA").

4. The Fourth Circuit has held that, under ERISA's complete preemption corollary to the well-pleaded complaint rule, a plaintiff's claim may simply be a mislabeled federal claim under ERISA and, therefore, be removable to federal court. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2003); *Long v. Boston Scientific Corp.*, 665 F. Supp. 2d. 541 (D.S.C. 2008) (finding that when a complaint contains state law claims that fit within ERISA's civil enforcement provision, those claims are converted to federal claims, and the action can be removed to federal court). When a purported state-law claim fits squarely within the administrative enforcement scheme of ERISA § 502, then it is a claim federal in character and may be removed to federal court. *See Darcangelo*, 292 F.3d at 186-87.

5. Thus, although the Complaint does not present questions of federal law on its face, the Plaintiff's causes of action for breach of contract and bad faith refusal to pay under his Plan with Defendant is subject to and governed by ERISA and, therefore, the Complaint presents a federal question. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) (finding that state common-law tort and contract actions alleging improper processing of claims for benefits under an employee benefit plan are preempted by ERISA); *Duncan v. Provident Mut. Life. Ins. Co. of Philadelphia*, 310 S.C. 465, 427 S.E.2d 657 (1993) (finding that ERISA preempts state law claims for bad faith refusal to pay benefits when the bad faith claim arises under an employee welfare benefit plan).

6. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7. Because this Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1331, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

8. This action is pending in the Court of Common Pleas, County of Hampton, State of South Carolina, and, therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. §1441(a).

9. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Defendant's receipt of a copy of the initial pleadings setting forth the claim for relief upon which this action is based.

10. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of Court for the Court of Common Pleas, County of Hampton, State of South Carolina, as required by 28 U.S.C. § 1446(d). A copy of the Notice is attached hereto as **Exhibit C.**

11. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

12. This Notice is signed in accordance with Fed. R. Civ. P. 11.

WHEREFORE, Defendant hereby removes this action from the Court of Common Pleas, County of Hampton, State of South Carolina to this Court.

Respectfully submitted,

By:     s/ John H. Tiller
        John H. Tiller (Fed. ID #: 4890)
        Amy F. Bower (Fed ID #: 11784)
        HAYNSWORTH SINKLER BOYD, P.A.
        134 Meeting Street, Third Floor
        Charleston, SC 29401-2240
        Telephone: (843) 722-3366
        Email: jtiller@hsblawfirm.com
               abower@hsblawfirm.com

*Attorneys for Defendant BlueCross BlueShield of South Carolina*

March 3, 2017
Charleston, South Carolina