# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| DANIEL E. SPEIGHTS, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 9:17-cv-00594 |
| vs. | ) ) | **ORDER** |
| BLUECROSS BLUESHIED OF SOUTH CAROLINA | ) ) ) | |
| Defendants. | ) ) ) | |

This matter comes before the court on plaintiff Daniel E. Speights's ("Speights") motion to remand, ECF No. 6. For the reasons set forth below, the court denies the motion without prejudice.

## I. BACKGROUND

Speights is a law partner in the Speights & Runyon Attorneys at Law law firm, and has been insured under the group account, Speights & Runyan Attorneys at Law, Group Number 05-43967-00 ("the Plan"). On February 3, 2014 Speights was diagnosed with cancer that was life threatening and referred to treatment at M.D. Anderson Cancer Center in Houston, Texas, an approved provider under the Plan. Speights was at M.D. Anderson Cancer Center from early February 2014 until June 2014, and then from July 2014 until September 2014. On April 24, 2014, M.D. Anderson Cancer Center authorized a plan of treatment that was particularly time-sensitive, given the advanced stage of cancer that Speights was in. Speights contacted BlueCross about coverage for the treatment plan, but received no approval from April 24–27. On August 28, 2014

1

BlueCross denied coverage for the treatment plan, stating that the treatment plan involved "proton radiation" of the cancer that was an "experimental treatment" under the Plan. Speights wired $74,100 from his own bank account to M.D. Anderson Cancer Center to proceed with the treatment.

Speights filed this case in the Court of Common Pleas for Hampton County, alleging a number of claims, including claims for breach of contract and bad faith refusal to pay health insurance benefits against defendant BlueCross BlueShield of South Carolina ("BlueCross"). Namely, Speights alleges claims for: (1) declaratory judgment that the Plan is ambiguous and BlueCross has interpreted it in a manner that is inconsistent with the language of the Plan and public policy considerations; (2) that BlueCross was negligent in selling a Plan which is ambiguous and vague and in promoting and selling health care coverage that contradicts the "purpose of procuring a health care policy"; (3) breach of contract because BlueCross interpreted the Plan in contravention of South Carolina law; (4) breach of express warranty because the Plan warrants to provide payment for health care that is medically necessary, which BlueCross did not provide; (5) unfair trade practices because he has been injured by BlueCross's unfair and deceptive actions in interpreting the Plan; (6) unjust enrichment because BlueCross used the ambiguous contract language in the Plan to reduce the scope of the coverage provided for in the Plan; and (7) outrage, because BlueCross's actions against Speights arose out of a business relationship and that BlueCross's actions were made in "callous disregard to insureds who have contracted for insurance." Speights files the complaint as a proposed class action, asserting claims on behalf of a class of consumers defined as "all consumers who have purchased and/or been insured by [BlueCross]

insurance and [BlueCross] has denied requests to pay for healthcare approved and/or requested by treating physicians."

BlueCross removed the case on March 3, 2017, alleging that all of Speights's claims are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA) 29 U.S.C. §1001 et seq. because all of the claims arise out of the denial of health insurance benefits under the Plan. Speights then filed the instant motion to remand on April 3, 2017, to which BlueCross responded on April 14, 2017. Speights replied on May 5, 2017. The motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). In deciding the motion, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted).

## III. DISCUSSION

The issue before the court is whether Speights's claims are preempted by ERISA.[1] BlueCross contends that Speights's claims are preempted because they all arise

---

[1] The court notes that Speights is a named partner in the Speights & Runyan law firm, the same law firm that is representing him in the instant litigation and the same law firm that housed the group health care plan at the center of this litigation. Indeed, the Plan was issued in the name of Speights & Runyon which is a general partnership

3

out of BlueCross's alleged denial of health insurance benefits under the Speights & Runyan Attorneys at Law group health care plan.[2] ECF No. 1 at 2. BlueCross concedes that the complaint does not present questions of federal law "on its face" but argues that Speights's claims for breach of contract and bad faith refusal to pay under the Plan are both governed by ERISA, and so while the complaint is inarticulately pleaded it is ultimately governed by ERISA. ECF No. 1 at 2.

As an initial matter, although the breach of contract claim certainly seems to incorporate allegations of bad faith it does not appear that the complaint asserts a separate bad faith claim. The complaint does, however, assert a claim for breach of contract. Specifically, the complaint states that BlueCross breached the Plan by failing to pay for proton radiation treatment at M.D. Anderson Cancer Center, even though a team of five oncologists at M.D. Anderson included the proton radiation treatment in Speights's "medically necessary" treatment plan. Speights alleges that the denial of coverage for the

---

consisting solely of Speights and C, Alan Runyon. ECF Pl.'s Mot. 1. It is entirely possible that this is an issue that has been worked out by the parties. However, it is also possible that as the case progresses the law firm Speights & Runyon may be a witness, if the law firm is required to present a Rule 30(b)(6) witness to testify on the law firm's behalf. If the outcome of the case turns on the interpretation of the group healthcare plan, then the law firm could become an interested party that is adverse to the interests of Speight as its client. Also, any employer that establishes or mantains an employee benefit plan is a plan sponsor. 29 U.S.C. § 1002(16)(B). If Speights & Runyan exercised any "discretionary authority" over the management or administration of the Plan it could be acting as a fiduciary, thus opening up possible conflicts between Speights's role as a beneficiary of the Plan and his representation by a fiduciary of the Plan. This possible professional responsibility issue does not affect the court's authority to decide the matter at hand, but may become of interest as the case proceeds.

[2] While Speights asserts that BlueCross breached the Plan, and so breached its contract "a contract of insurance sold to a plan is not itself 'the plan.'" <u>Wallace v. Reliance Standard Life Ins. Co.</u>, 318 F.3d 723, 724 (7th Cir. 2003). Therefore, the contract that BlueCross allegedly breached is not the Plan itself but a contract to provide insurance coverage.

proton radiation under the "experimental services" provision of the Plan is a breach of contract. BlueCross contends that this claim is preempted by ERISA. As the court explains below, the breach of contract claim seeks to enforce the provisions of the Plan and so is preempted by ERISA's civil enforcement plan.

### A. Preemption of Breach of Contract Claim under ERISA

The Fourth Circuit has held that parties cannot "avoid ERISA's preemptive reach by recasting otherwise preempted claims as state-law contract and tort claims." Wilmington Shipping Co. v. New England Life Ins. Co., 496 F.3d 326, 341 (4th Cir. 2007) (citing Aetna Health Inc. v. Davila, 542 U.S. 200, 214 (2004)). Section 514 of ERISA defines the scope of ERISA's preemption of conflicting state laws.[3] It states that state laws are superseded if they "relate to" an ERISA plan. 29 U.S.C. § 1144(a). In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the U.S. Supreme Court held that state common law cause of actions based on the alleged improper processing of a benefit claim under an employee benefit plan fell under ERISA's preemption clause, § 514(a). The breach of contract claims in the complaint certainly "relate to" ERISA, as the claim is about benefits denied under the Plan. However, "ERISA pre-emption [of a state claim], without more, does not convert a state claim into an action arising under federal law." Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 187 (4th Cir. 2002). The Fourth Circuit has held that the "only state law claims properly removable to federal court are those that are "completely preempted" by ERISA's civil enforcement provision,

---

[3] As an initial matter, there does not appear to be any dispute between the parties that the Plan is an employee welfare benefit plan that is governed by ERISA.

§ 502(a)." Sonoco Prod. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 371 (4th Cir. 2003). Therefore, the court must also determine whether Speights's breach of contract claim "fits within" the scope of § 502(1), and if it is properly "converted into [a federal claim]." Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). While the jurisprudence about whether a claim is preempted under ERISA under the doctrines of conflict and complete preemption is somewhat convoluted, it is clear that a court addressing preemption of a state law claim under ERISA should determine whether the claim is subject to conflict preemption under § 514, and therefore barred. The court must then also determine whether the claim is subject to complete preemption under § 502 and therefore should be converted to a federal claim. Gross v. St. Agnes Health Care, Inc., 2013 WL 4925374, at *9 (D. Md. Sept. 12, 2013) (citing Marks v. Watters, 322 F.3d 316, 323 (4th Cir. 2003)).

### 1. Preemption under ERISA § 514(a)

Courts that have confronted similar breach of contract claims have determined that these claims are preempted by ERISA § 514. In Gross v. St. Agnes Health Care, Inc., 2013 WL 4925374, at *6 (D. Md. Sept. 12, 2013) the court held that where breach of contract claim was based on factual premise that defendants failed to provide life insurance benefits under a life insurance policy, the breach of contract claim was preempted under § 514. Here, Speights's breach of contract claim is also based on the premise that BlueCross failed to provide health insurance benefits under the Plan, and so it is preempted under § 514. Darcangelo, 292 F.3d at 194 (finding that a breach of contract action to enforce the payment of benefits under an ERISA plan is "clearly

6

preempted" under § 514); See also Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480 (4th Cir. 1996) (finding breach of contract claim likely preempted by "ERISA § 514(a), because it seeks to recover benefits of a sort which are already provided by an ERISA plan, even though it seeks to recover them not from the plan itself, but from the employer directly").

## 2. Preemption under ERISA § 502

The Fourth Circuit "has recognized three 'essential requirements' for complete preemption":

> (1) the plaintiff must have standing under § 502(a) to pursue [her] claim; (2) [her] claim must "fall[ ] within the scope of an ERISA provision that [she] can enforce via § 502(a)"; and[,] (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

Sonoco Prods. Co., 338 F.3d at 372. Here, Speights is a beneficiary of the Plan and so has standing to pursue an ERISA claim under § 502(a)(3). See 29 U.S.C. § 1132(a)(3) (stating that only participants, beneficiaries, and fiduciaries can pursue claims under § 502(a)(3)). The contract that Speights references is the Plan itself seeks alternative enforcement to ERISA's exclusive enforcement mechanism, and so clearly "relate[s] to any employee benefit plan" as defined in 29 U.S.C. § 1144. Finally, Speights's claim is not capable of resolution without an interpretation of the Plan, an ERISA-governed employee benefit plan.

Therefore, the court finds that the breach of contract claim is also completely preempted under § 502, at which point it would be converted to a federal claim.[4] In Bd. of Trustees for Hampton Roads Shipping Ass'n-Int'l Longshoremen's Ass'n v. Stokley, 618 F. Supp. 2d 546, 553 (E.D. Va. 2009), the court held that a plan administrator's state-law breach-of-contract claim against employee for repayment of paid benefits was preempted by § 502(a). Similarly, in Puller v. Unisource Worldwide, Inc., 2009 WL 331291, at *5 (E.D.Va. Feb. 9, 2009) the court held that "[w]hen a plaintiff brings an action to enforce a contract and that contract is an ERISA-covered plan, it 'is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore 'relate[d] to' an ERISA plan and preempted." Since § 502 completely preempts Speights's breach of contract claim, federal question jurisdiction has been established. Accordingly, the court denies the motion to remand.

## B. Concurrent Jurisdiction over ERISA Claims

Speights contends that even if the court determines that the breach of contract claim is preempted by ERISA, ERISA "specifically provides" that state court has concurrent jurisdiction over ERISA claims. ECF No. 6 at 6. Based on principles of comity and state law concerns, Speights argues that the court should remand the breach of contract claim to state court. Id. State courts may have concurrent jurisdiction over

---

[4] In part due to the Fourth Circuit's rather convoluted jurisprudence in this area of law, it is not clear if a claim needs to be both completely preempted under § 502 and preempted under conflict preemption as set forth in § 514 for it to be preempted under ERISA. In an abundance of caution, the court analyzes the breach of contract claim under both statutory provisions and determines that it is preempted under both statutory provisions.

ERISA claims, but courts interpreting ERISA have repeatedly made note of the Congressional intent that the federal government should have exclusive regulation of employee welfare benefit plans. Pilot Life, 481 U.S. at 45–46. In line with this, the court retains jurisdiction over this action.

### C. Remanding "Remaining" Causes of Action

Finally, Speights argues that even if the breach of contract claim is governed by ERISA, since BlueCross at no point asserts that the remaining six causes of action the case should be remanded in part—at least as to those claims that the court does not have independent federal jurisdiction over—those causes of action "must" be returned to state court. Pl.'s Mot. 6. However, this misinterprets the removal statute. 28 U.S.C.A. § 1441, the statute governing removal of civil actions, provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

It is entirely within the court's discretion to determine whether Speights's remaining claims, for negligence, unjust enrichment, unfair trade practices, and others, should be severed and remanded to state court. Since, as explained above, the breach of contract claim is preempted by the federal ERISA statute, the court has supplementary jurisdiction over the remaining claims in the complaint. Therefore, the court denies the motion to remand, and retains jurisdiction over all of the claims.

A review of the complaint demonstrates that every claim in the complaint arises from the same set of facts—that BlueCross sold a Plan to Speights & Runyan law firm, and that the Plan was deficient in providing coverage. This certainly fulfills the standard

for the claims to arise from the "common nucleus of operative fact" as required for the court to exercise supplementary jurisdiction over any claims in the complaint that the court does not have independent federal jurisdiction over. The path that Speights asks the court to take—to retain only those claims that are preempted by ERISA, and to remand the remainder of the claims to state court—would wreak havoc on docket control and judicial efficiency. In essence, it would lead to claims that are fractured between state and federal court and a duplicity of judicial proceedings. In addition to the legal argument that the court has discretion to retain jurisdiction over the entire claim, from a policy perspective Speights's proposed remedy is an untenable solution.

Ultimately, all of Speights's claims are about the denial of health insurance benefits under an ERISA-regulated plan. As the Supreme Court has stated, there is a "clear expression of congressional intent that ERISA's civil enforcement scheme be exclusive" and that ERISA's preemption provisions are designed to "establish pension plan regulation as exclusively a federal concern." Pilot Life Ins. Co., 481 U.S. at 45 (internal citations and quotations omitted). As explained above, the court has federal question jurisdiction over the breach of contract claim because it is preempted by ERISA. The court has pendent jurisdiction over the remaining claims.[5]

---

[5] Furthermore, while neither party briefs this issue, the breach of contract claim is not the only federal claim that may be completely preempted by ERISA. In Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278 (4th Cir. 2003), the Fourth Circuit held that unjust enrichment claims for benefits due under the terms of an ERISA plan were subject to removal jurisdiction. Speights alleges an unjust enrichment claim against BlueCross here, alleging that BlueCross collects a full premium payment in exchange for providing a full scope of coverage but employs "vague and ambiguous contract language" to reduce the scope of the coverage. Even if the breach of contract claim were not preempted, the unjust enrichment claim may very well be.

The court denies the motion to remand in full, but without prejudice. The court will first rule on the declaratory judgment claim, which necessarily involves interpreting the Plan. Until the court has interpreted the Plan, discovery on the remaining claims is stayed. After the court interprets the Plan, Speights may refile a motion to remand as to the remaining claims.

## IV.  CONCLUSION

For the reasons set forth above, the court denies the motion to remand and retains jurisdiction over the entire case.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 16, 2018**
**Charleston, South Carolina**